LABORDE, Judge.
This suit involves a claim by plaintiff, Roy A. Puckett, against defendant, Carolina Casualty Insurance Company, under a motor truck cargo policy. Puckett’s suit alleged that the incident in question which caused his trailer to spill rice was caused by a “collision” or an “upset” within the meaning of the policy. The trial court rendered judgment in favor of the defendant, from which plaintiff now appeals. We affirm.
The issue on appeal is whether the trial court properly interpreted the policy language in light of the facts of the case.
On September 11, 1980, C. J. Paul, Jr., who was employed by Roy Puckett, was hauling a 1972 Wilson Trailer loaded with 50,000 pounds of rice near Beaumont, Texas on Interstate 10. Plaintiff’s driver, Paul, had picked up his load in Welsh, Louisiana and was to deliver it to Houston, Texas. Paul had just negotiated a left sloping curve on the interstate when a following motorist informed him over a CB radio that he was losing rice out of the side of his trailer. He immediately pulled off the interstate and stopped his vehicle. Puckett contends that the truck and trailer ran over a “dip” in the highway which caused the right side of the trailer to split and spill the rice. Plaintiff’s truck and trailer were insured by defendant against collision, upset and other losses. Puckett claims $5,500.00 for the repair of the trailer, $819.00 for temporary trailer repairs, $200.00 for the cost of picking up the rice, and $618.02 for the lost rice.
At issue is the liability of the defendant insurer under the terms and conditions of the policy. It must be determined whether the incident constitutes a peril as described in Paragraph V(c) of the insurance policy: “overturning or upset of the truck while on land”. Since there was no actual overturning, the dispute centers on a definition of the term “upset”.
Words and phrases employed in a contract of insurance are to be construed, interpreted, and defined in their ordinary and popular sense, rather than in a technical, philosophical or limited sense.
Such words and phrases are to be construed liberally in favor of the policyholder, and all ambiguities are likewise to be resolved in favor of the policyholder. If the words or terms used in the insurance policy are subject to more than one accepted meaning, then such words must be construed in the sense which is more favorable *24 to the insured, unless such interpretation would lead to absurd results. LSA-C.C. Articles 1957 and 1945(3); Carney v. American Fire and Indemnity Company, 371 So.2d 815 (La.1979); and Hidalgo v. Allstate Insurance Company, 374 So.2d 1261 (La.App. 3rd Cir. 1979).
“Upset” is defined in Webster’s New International Dictionary as, “To overturn, overthrow, or overset, as to upset a carriage”. Webster’s Third New International Dictionary expands on that definition so as “to force out of the usual upright, level or proper position: Capsize ... to disturb the equilibrium of . . . the object”.
The trial court made two key findings of fact in its well written reasons for judgment. First, the court concluded that there was no upset within the meaning of the policy; and, second, that “the evidence tends to indicate, on the contrary, that normal wear and tear or rusting had weakened the structural integrity of the vehicle”.
The record reveals that there was not even a minimal loss of equilibrium and therefore there can be no recovery for loss due to upset. Mr. Donald Coleman, manager of the Beaumont office of Crawford & Company Insurance Adjusters, testified in his deposition that there was nothing particularly noteworthy about that particular stretch of road either in terms of curves, bumps, or uneven surfaces. Mr. C. B. Simmons, the owner of the salvage company who did the repair work on plaintiff’s trailer, stated in his deposition, that the curve was sharp enought to require a reduction in speed to thirty-five or forty-five miles per hour; however, his testimony does not indicate anything particularly unusual about the curve beyond the necessity of slowing down to negotiate it. There was no direct testimony as to the angle of the curve, the nature of the “dip” or rough highway surface, or any proof that plaintiff’s truck had in any way tilted or lost its equilibrium.
Contrary to plaintiff’s allegations, the evidence indicates that the loss was caused more by the condition of the trailer. Both Mr. Coleman and Mr. Simmons testified that they noted some rust at the site of the break. Such loss is expressly excluded from coverage in Paragraph VI (a) of the insurance contract.
The trial court, in rejecting plaintiff’s demands, was not satisfied that plaintiff had presented sufficient evidence to sustain his demands. An examination of the record does not reveal that the trial judge was clearly wrong in rejecting plaintiff’s demands.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against the plaintiff-appellant, Roy A. Puckett.
AFFIRMED.